IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MED FLIGHT AIR AMBULANCE, INC.,

    Plaintiff,

    v.                                                                                 No. 17-CV-0246 WJ/KRS

MGM RESORTS INTERNATIONAL, SIERRA
HEALTH-CARE OPTIONS, UMR, INC., and
BEATRIZ HERNANDEZ, SPECIAL
ADMINISTRATOR OF THE ESTATE OF ADRIAN
HERNANDEZ, DECEASED,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART PLAINTIFF'S MOTION
## TO TRANSFER CASE TO DISTRICT OF NEVADA
## and
## DENYING IN PART THE COURT'S DISMISSAL OF DEFENDANT MGM
## FOR LACK OF PERSONAL JURISDICTION

THIS MATTER comes before the Court upon Plaintiff's Motion to Transfer to Cure Want of Jurisdiction, and Rule 60 Motion to Correct an Omission or for Other Reasons that Justify Relief, filed on December 8, 2017 **(Doc. 69)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's request to transfer the case to the District of Nevada is well-taken, but on grounds other than Rule 60, but finds that the motion is denied in that Defendant MGM will remain as dismissed from this case for the present time.

## BACKGROUND

This case arises from a denial of insurance benefits for Mr. Hernandez in connection with a medical helicopter ride from a hospital in El Paso, Texas to Las Vegas, Nevada. Plaintiff Med Flight Air Ambulance, Inc. ("Med Flight") is a New Mexico corporation with its principal

business location located in Albuquerque, New Mexico. MGM is a Delaware corporation with its principal business location in Las Vegas, Nevada. MGM employed Adrian Hernandez and provides a self-insured health insurance plan to its employees, entitled the "MGM Resorts Health and Welfare Benefit Plan" ("MGM Plan"). MGM is the Plan Administrator of the MGM Plan, and Mr. Hernandez was a participant and beneficiary of the MGM Plan. Defendant UMR, Inc. ("UMR") is a Delaware corporation that is registered and licensed to do business in the state of New Mexico. UMR is the Claims Administrator, along with MGM, of the MGM Plan. In this lawsuit, Plaintiff Med Flight claims that Defendants (including MGM) owed Mr. Hernandez as Plan participant—and therefore Plaintiff via assignment—purported benefits in the form of payment of the usual and customary charges for the emergency air transport of Mr. Hernandez.

In December, 2014, Mr. Hernandez was initially treated on an emergency basis at Del Sol Medical Center in El Paso, Texas. The medical staff at that facility determined that the nature of his medical needs could not be adequately met by their facility, and arrangements were made with Plaintiff Med Flight to transport him to Valley Hospital Center in Las Vegas, Nevada, where he lived, and where his own doctors, who were familiar with his on-going medical issues, could treat him. He was medically transported, via airplane, to the facility in Las Vegas by Plaintiff Med Flight.

On January 12, 2017, Med Flight filed a complaint in the Second Judicial District Court, County of Bernalillo, asserting breach of contract and unfair trade practices. Defendants removed the case to federal court on February 17, 2017 based on federal question jurisdiction under the federal ERISA statute (29 U.S.C. §1132(a)(1)(B) and §1132(g)(1) as well as diversity jurisdiction. The Amended Complaint has three counts asserted under ERISA. Count I alleges a breach of agreement between Defendants and Med Flight under 29 U.S.C. §1132(a)(1)(B);

Count II asserts requested relief in the form of attorney fees and costs under §1132(g)(1); and Count III seeks relief under §1132(c) which provides for other civil enforcement penalties for violation of the statute.

On November 22, 2017, this Court granted MGM's motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P.12(b)(2), finding that Defendant MGM successfully demonstrated that litigation in New Mexico was unduly inconvenient and that any federal interest in litigating the dispute here in this state outweighed the burden imposed on MGM in having to defend the case here.[1]  Doc. 67 (Mem. Opin. & Order).  Currently, the Court's ruling on MGM's motion to dismiss still leaves Plaintiff's claims pending against UMR in this forum.

## DISCUSSION

In this motion, Plaintiff moves for an order modifying the Court's Memorandum Opinion and Order to order transfer of this entire dispute to Nevada, rather than dismissing MGM from the lawsuit.  Plaintiff did not suggest transfer as an option in response to MGM's motion at the time of the briefing on the motion to dismiss, but now seeks to pursue this lawsuit in Nevada, MGM's home state of operations, rather than incurring the expense of an appeal of this Court's jurisdictional decision.  Plaintiff seeks relief under both Fed.R.Civ.P.60 and 28 U.S.C. §1631.

**I.     Rule 60**

Plaintiff contends that Rule 60 is the appropriate procedural mechanism for relief because the Court has already issued an Order dismissing MGM, relying on either Rule 60(a) or (b)(6).

---

[1] Because this is an ERISA case, the jurisdictional analysis was done under the Fifth Amendment rather than the Fourteenth Amendment, requiring that the movant show that jurisdiction comports with due process, despite nationwide service of process provided for under federal statute. *See Republic of Panama v. BCCI Holdings et al.,* 119 F.3d 935 (11th Cir. 1997) ("It is well established that when . . . a federal statute provides the basis for jurisdiction, the constitutional limits of due process derive from the Fifth, rather than the Fourteenth, Amendment."); 29 U.S.C. §1132(e)(2); *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (in a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant).

A.  Rule 60(a)

Under Rule 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment or order or other part of the record." Med Flight's request for transfer is not simply a ministerial correction of an error and does not qualify for relief under Rule 60(a). *See Matter of West Texas Mktg. Corp.,* 12 F.3d 497, 504-05 (5th Cir. 1994) ("It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a)"). The "touchstone" of Rule 60(a) is "fidelity to the intent behind the original judgment." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014). Here, the Court's Order dismissing Defendant MGM for lack of personal jurisdiction cannot be interpreted or clarified to mean that the case would then need to be transferred to Nevada. MGM would have to be "un-dismissed," reinserted as a party in this lawsuit and transfer would then have to be considered on its own separate merits. Plaintiff's request is denied under Rule 60(a). *See, e.g., New CSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 263 (5th Cir. 2017) (Rule 60(a) motion denied where it urged the district court to change its substantive interpretation of the stock purchase agreement rather than drawing the court's attention to a true clerical error); *Shuffle Tech Int'l, LLC v. Wolff Gaming, Inc.*, 757 F.3d 708, 712 (7th Cir. 2014) (Where court rescinded contract, plaintiff could not rely on an interpretation of the judgment that would have relieved it of any duty to refund the earnest money and thus, court's correction of judgment "made explicit what the parties must have assumed – that with the draft agreement rescinded the earnest money had to be returned).

B.  Rule 60(b)(6)

Plaintiff also contends that Rule 60(b)(6) provides a mechanism for modification of the Court's Order. Rule 60(b)(6) allows relief from a judgment or order for "any other reason that

4

justified relief." Med Flight points out that it will be forced to refile a new case in Nevada if the Court denies its transfer request, and its claim will be lost if MGM is successful in arguing the application of the one-year limitations period pursuant to the health care plan agreement. Plaintiff also notes that the dismissal of MGM puts it in the "untenable and costly position of having to litigate this case in two forums in two different states." Doc. 69 at 6.

Rule 60(b)(6) is considered the "catch-all" ground for relief under Rule 60(b). However, the Tenth Circuit has consistently ruled that "Rule 60(b) is an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule. It is not a substitute for appeal, and must be considered with the need for finality of judgment." *Cessna Fin. Corp. v. Bielenberg Masonry contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir. 1983); *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (Rule 60(b)(6) movant must show that "absent such relief, an 'extreme' and 'unexpected' hardship will result,"(quoting *United States v. Swift & Co.,* 286 U.S. 106, 119 (1932)); *see also Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991) (noting that relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances, and affirming denial of motion construed as motion seeking relief from judgment). Rule 60 is considered a "grand reservoir of equitable power to do justice in a particular case" and in order to get relief under this this rule, the situation must be one beyond the control of the party requesting relief. *Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644, 653 (D.N.M. 2012) (citing *Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir.1991). Even legal error that provides a basis for relief must be extraordinary. 952 F.2d at 1244. None of these situations exist here. Plaintiff seeks relief here not because of unexpected circumstances, or because circumstances were beyond its control. Plaintiff chose to file suit here in New Mexico instead of Nevada but never thought to

suggest that the Court transfer this case to Nevada in the event it lost on the motion to dismiss. *Cmp. Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644, 653 (D.N.M. 2012) (citing example of "extraordinary circumstances" where there had been a post-judgment change in the law arising out of the same accident as that in which plaintiffs had been injured) (referring to *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir.1975) (en banc). Med Flight is requesting relief which it might have pursued before, but did not. Plaintiff cannot look to Rule 60(b)(6) now because it "is not an opportunity for unsuccessful litigants to take a mulligan." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007); *see Smilde v. Mortg. Temps, Inc.*, 22 F. App'x 957 (10th Cir. 2001) (plaintiff not entitled to relief from judgment where plaintiff moved under Rule 60(b) for transfer of venue from District of Colorado to District of Minnesota after court entered order dismissing plaintiff's underlying action). For these reasons, Plaintiff's motion is denied on Rule 60 grounds.

**II.     28 U.S.C. §1631**

In this case, Plaintiff relies on the federal transfer statute, 28 U.S.C. §1631, to argue that transfer to the District of Nevada is appropriate. This statute provides that if a federal court determines that it lacks jurisdiction over a civil action or appeal, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) (A court may cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, such as §1631, when it is in the interests of justice). Cases may be transferred under §1631 where personal jurisdiction is lacking, but venue is otherwise proper. *See Viernow v. Euripides Development Corp.*, 157 F.3d 785 (10th Cir. 1998) (citing *Ross v.*

*Colorado Outward Bound Sch., Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987) (noting that the enactment of § 1631 was specifically designed for cases transferred from one federal court to another for lack of jurisdiction and served to simplify the process and streamline its application).

The transferor court must "first satisfy itself that the proposed transferee court has personal jurisdiction over the parties." If so, the transferor court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Id.* Factors relevant to the interest-of-justice determination include (1) whether the claims would be time barred if filed anew in the proper forum; (2) whether the claims alleged are likely to have merit, and (3) whether the claims were filed in good faith or if . . . it was clear at the time of filing that the court lacked the requisite jurisdiction." *Trujillo,* 465 F.3d at 1223 n.16.

Plaintiff contends that there is a good chance that its claims against MGM will be time-barred if Med Flight has to re-file this lawsuit in Nevada. The MGM plan provides for a one-year limitations period, requiring that employees exhaust administratively and then pursue litigation within twelve months. Doc. 70, Sum. Plan Descr. At 82). Plaintiff notes that there would be issues raised about the reasonableness of a limitations period for which parties have bargained. *Heimeshoff v. Hartford Life & Accident Ins. Co.,* 1334 S.Ct. 604, 610 (2013). While ERISA does not include a statute of limitation for private enforcement actions, courts may look to the analogous state law. *Salisbury v. Hartford Life & Accident Ins.*, 583 F.3d 1245, 1247 (10th Cir. 2009). If Nevada law applies, then Nevada's six-year statute of limitations for breach of a written contract would apply to Plaintiff's claims against MGM. NRS 11.190(1)(b). Plaintiff also expects to argue that equitable tolling principles should be applied to a limitations period that has expired. In short, while the limitations period will become a threshold issue should Med

Flight have to re-file this lawsuit, Plaintiff has not established that the claims would indeed be time-barred.

Under the second factor, Plaintiff's claims may have merit. MGM's position is that the medical transport was not pre-authorized as required under the MGM plan nor was it an emergency (in which case pre-authorization would not be required), and so payment for those services was properly denied. Doc. 74 at 1. Plaintiff, however, does provide evidence that Mr. Hernandez' situation could be described as an emergency, which suggests that Plaintiff's claims for reimbursement from the MGM are viable claims. Doc. 76 at 3 (stating that Mr. Hernandez had presented at Del Sol Medical Center "with stroke like symptoms").

For the third factor, Med Flight maintains that it brought its claims against MGM in this forum in good faith, and that based on the nation-wide service of process for ERISA claims, Plaintiff believed its jurisdictional position had merit. Defendant claims that by the time it filed renewed motion to dismiss, Plaintiff had the benefit of extensive and compelled supplemental jurisdictional discovery, including documents and information pertaining to the plan's provisions as well as the contractual one-year limitation period. MGM contends that all of the arguments and facts supporting Plaintiff's request for a transfer of venue were all available well in advance of the Court's ruling on Defendant's motion to dismiss. It is not clear at all why Med Flight would not have sought a transfer of venue as an alternative to MGM's dismissal at some point— for example, in response to MGM's motion to dismiss—but at the same time, but there is no evidence of a lack of good faith on Plaintiff's part.

It is clear that the federal court in Nevada would have jurisdiction over Defendants. MGM would be subject to the jurisdiction of the U.S. District Court for the District of Nevada because its principal business location is in Las Vegas. Defendant UMR is a Delaware

corporation that is licensed to do business in New Mexico, but admits that it is the claims administrator for MGM employees who are participants in the MGM health benefit plan, including those employees who are employed in Nevada. Doc. 20, ¶8 (Answer to First Am. Compl.). Under this Court's local rules, by not responding to Plaintiff's motion, Defendant UMR has conceded to the transfer. D.N.M.LR-Civ. 7.1(b). While the motion focuses primarily on the status of MGM in this case, granting Plaintiff's request would mean transfer of the entire case and all parties. Med Flight has also met the three factors used to determine if transfer is appropriate under §1631. *Cmp. Marder v. Dembinski,* 498 F.Supp. 1323 (D.C. Ill. 1980) (where plaintiff had filed her complaint in total disregard of venue and jurisdictional principles, court did not err in dismissing rather than transfer for showing lack of good faith. Plaintiff's motion would thus appear to be in a good position to be granted – except for one more step in the analysis, which the Court takes up next.

### III. Procedural Mechanism to Support Transfer of Venue

While Plaintiff fares well under the §1631 three-factor analysis, there still must be a procedural mechanism for effecting the transfer. In order to grant Plaintiff the relief it seeks, the Court must reconsider dismissal of MGM and find that based on a lack of personal jurisdiction, the case should be transferred. Rule 60 does not provide this procedure, as already discussed.

    A.    <u>Rule 54(b)</u>

Plaintiff's motion is limited to relief under Rule 60(b), however, a district court "always has the inherent power to reconsider its interlocutory rulings." *Warren v. American Bankers Insurance of Florida*, 507 F.3d 1239, 1243 (10th Cir. 2007) (we encourage a court to [reconsider its interlocutory rulings] where error is apparent"); *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007) (court may on its own revisit its interlocutory orders at any time before entry of

judgment.; *Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008) (quotation omitted) ("every order short of a final decree is subject to reopening at the discretion of the district judge").

The Federal Rules do not specifically mention motions to reconsider interlocutory orders, but Rule 54(b) offers what is most analogous to a court's inherent authority. Rule 54(b) provides that a district court can freely reconsider its prior rulings. *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015). In addition, the rule "puts no limit or governing standard of the district court's ability to do so, other than that it must do so 'before the entry of judgment." *Id.,* (citing *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007) (district courts generally remain free to reconsider their earlier interlocutory orders so long as it retains jurisdiction over the case) (cited cases omitted). Some courts do not consider the discretion provided in Rule 54(b) to be limitless, treating interlocutory rulings as law-of-the-case and so use the familiar three-factor framework generally used for Rule 59(e) motions to reconsider making revisions to those orders in order to depart from the law-of-the-case. *See, e.g., Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 324 (4th Cir. 2017). [2] However, the Tenth Circuit has found that law-of-the case doctrine has no bearing on the revisiting of interlocutory orders, even when a case has been reassigned from one judge to another. *Rimbert v. Eli Lilly & Co*., 647 F.3d 1247, 1252 (10th Cir.2011) (citing *Been v. O.K. Indus., Inc*., 495 F.3d at 1225 (in the context of Rule 54(b), law-of-the-case doctrine is "merely a 'presumption, one whose strength varies with the circumstances"), cited in *Lujan v. City of Santa Fe*, 122 F. Supp. 3d at 1238. In this case, no judgment has been sought or entered with regard to any claim or any party in this case. *See* Rule

---

[2] Under this three-factor analysis, court will generally grant a motion to reconsider: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice"). *Carlson*, 856 F.3d at 325; *cmp. Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (using the three factors to reconsider order under Rule 59(e)).

54(a) (defining "Judgment" as "a decree and any order from which an appeal lies"). The Court's Order dismissing MGM from this case for lack of personal jurisdiction is therefore an interlocutory order and subject to this Court's reconsideration either under its inherent authority or under Rule 54(b).

As mentioned, Rule 54(b) essentially allows the district court free rein in deciding what standard to use when reconsidering its prior rulings. In revisiting its previous Order, this Court is guided by concerns of judicial economy, avoiding piecemeal litigation, and the posture of all the parties involved.[3]

First, the issue of venue was never presented to the Court; the sole issue whether this Court had personal jurisdiction over MGM. Reconsideration of the Order would not affect either the core of the Court's decision or the legal basis for its conclusion. Second, transferring the case just makes sense. Had a transfer of venue been requested earlier—and considering the jurisdictional admissions of the parties and the factors to be considered under 28 U.S.C. §1631— the request would certainly have been met with the Court's approval. Third, because UMR is still a defendant in this forum, denying Plaintiff's motion to transfer would result in this case being litigated in two states. Fourth, an examination of the merits in this case has been held at bay pending a resolution of the jurisdictional question, *see* Doc. 63 (Clerk's Min.), and the transfer of venue issue, *see* Doc. 71. Transferring the case under §1631 would further advance the compelling interest in the finality of judgments which courts do not regard lightly. *See Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (compelling interest in finality of judgments which is not lightly regarded) (citing *Matton Steamboat Co. v. Murphy,* 319 U.S. 412, 415

---

[3] In *Lujan*, United States District Judge James O. Browning cited to other factors to consider under Rule 54(b), namely (1) how thoroughly the earlier ruling addressed specific findings or conclusions challenged by the motion; and (2) the case's overall progress and posture and the reliance the opposing party has placed in the prior ruling. *Lujan*, 122 F. Supp. 3d at 1239. The Court finds these factors useful to consider here as well.

(1943) (per curiam)). Fifth and finally, the Court considers MGM's position. As MGM points out, it has had to endure a long bout of extensive jurisdictional discovery which Plaintiff had requested and pursued.[4] Defendant states that it would have agreed to transfer venue "in the first instance, or at an earlier stage," *see* Doc. 73 at 16, and the Court is inclined to believe that MGM would likely have been receptive to transferring the case, at least prior to the point where the Court ruled on the motion to dismiss. MGM is currently a dismissed party, and it would not be overreaching to state that having duly litigated the personal jurisdiction issue and won, MGM is now relying on the Court's previous ruling to remain intact and unmodified. Moreover, the litigation of the jurisdictional issue has not only caused delay on the merits phase of this case but has also caused MGM to incur expenses that may not have been necessary if Plaintiff had suggested a change in venue earlier.

For all these reasons, the Court reconsiders its previous Order (Doc. 67) under its inherent authority and under Rule 54(b) and finds that its previous Order (Doc. 67) should be modified to where this case should be transferred to the District of Nevada under §1631. However, the Order will *not* be modified otherwise; that is, Defendant MGM remains dismissed from this case.

The Court's decision here is by no means a win-win for either Plaintiff or MGM. Plaintiff will be free to ask the district court in Nevada, as it did here, to revisit MGM's dismissal; and the court there would be free to reconsider this Court's previous ruling dismissing MGM. *See Dalton v. U.S., Phillips (In re U.S., Phillips)*, 733 F.2d 710, 714–15 (10th Cir. 1984) (an order transferring venue of an action, even if the transfer is to a district in another circuit, is an interlocutory order). Plaintiff may be unsuccessful either in re-instituting MGM as a

---

[4] Defendant filed an initial Motion to Dismiss (Doc. 21), which was withdrawn pending completion of the jurisdictional discovery, and then filed the Renewed Motion to Dismiss (Doc. 54) which the Court then granted.

defendant in this case, or in defending against a statute of limitations argument advanced by MGM, but that failure is attributable to the fact that the case was initially filed in New Mexico instead of in Nevada as well as the fact that Plaintiff never considered a transfer of venue until now.

In its response to Plaintiff's motion, Defendant MGM asks that the Court award reasonable fees and costs incurred with litigating the jurisdictional issue should the Court decide to grant the motion. Because MGM's status as a dismissed party is unaffected by the Court's ruling, this request is denied. In the event that Plaintiff is successful in its efforts to bring MGM back into the case in the District of Nevada, MGM may raise the issue of reimbursement of fees and costs in that forum.

## CONCLUSION

In sum, the Court finds and concludes that its previous Memorandum Opinion and Order (Doc. 67) shall be modified under this Court's inherent jurisdiction and under Rule 54(b) in that this case should be transferred to the District of Nevada under §1631. However, the Order will *not* be modified otherwise; that is, Defendant MGM remains dismissed from this case for lack of personal jurisdiction.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff Med Flight's Motion to Transfer to Cure Want of Jurisdiction, and Rule 60 Motion to Correct an Omission or for Other Reasons that Justify Relief **(Doc. 69)** is hereby GRANTED IN PART and DENIED IN PART in that the Court's previous Memorandum Opinion and Order **(Doc. 67)** shall be modified under this Court's inherent jurisdiction and under Rule 54(b) in that this case should be transferred to the District of Nevada

under §1631. However, the Order will *not* be modified otherwise; that is, Defendant MGM remains dismissed from this case for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court is hereby directed to take the necessary action to transfer this case to the U.S. District Court for the District of Nevada.

_____
CHIEF UNITED STATES DISTRICT JUDGE